IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RANDY OUTLAW                                                                                           PLAINTIFF

V.                                                               CIVIL ACTION NO. 1:20-CV-00041-GHD-JMV

LOWNDES COUNTY ADULT DETENTION CENTER                                           DEFENDANT

### ORDER DIRECTING PLAINTIFF TO SUBMIT
### ADDITIONAL INFORMATION TO THE COURT

On December 8, 2020, Plaintiff Randy Outlaw, an inmate currently confined at the Southern Mississippi Correctional Institution, appeared via video conference before the undersigned for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Upon due consideration, the Court finds that more information is required to properly consider whether there exists a justiciable basis for Plaintiff's claim filed under 42 U.S.C. § 1983.

Plaintiff claims that he was denied appropriate medical care when he complained of a tooth ache for almost a year before being seen and treated by a dentist. According to Plaintiff, he was provided with Orajel, ibuprofen, and antibiotics on approximately three occasions, prior to ultimately being taken to a dentist. Plaintiff additionally claims that he went without running water in his cell for six months. Plaintiff stated that while he had a working toilet during that time, his sink was shut off due to repairs, and he was unable to perform general tasks of hygiene like brushing his teeth and washing his face in his cell. Plaintiff, however, was provided access to running water outside his cell.

Plaintiff has named Lowndes County Adult Detention Center ("LCADC") as the only defendant in this action. LCADC, however, is not amenable to civil suit. *See Ryan v. Arledge*, 2017 WL 1194461 (N.D. Miss. Feb. 16, 2017); *Dowdle v. Howard*, 2013 WL 4538855 (N.D. Miss. Aug. 27, 2013). The Court, therefore, directs Plaintiff to submit to the Court the names of

individuals, if any, whom he believes are personally responsible for the alleged constitutional violations. Along with these names, Plaintiff must also provide a description of each individual's personal involvement in the alleged actions or inactions. Plaintiff must submit this information to the Court within thirty (30) days from the date of this Order. Plaintiff's failure to do so may result in dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED**, this the 8th day of December, 2020.

/s/ Jane M. Virden
JANE M. VIRDEN
UNITED STATES MAGISTRATE JUDGE